528 F.2d 1128
 WOMETCO ENTERPRISES, INCORPORATED, Appellant,
v.
NORFOLK COCA-COLA BOTTLING WORKS, INC., et al., Appellees.
Ralph A. CATHEY, Cross-Appellant,
v.
WOMETCO ENTERPRISES, INCORPORATED, Cross-Appellee.
 Nos. 74--2310, 74--2311.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 5, 1975.
Decided Jan. 8, 1976.
 
 William T. Prince, Gerard P. Rowe, Norfolk, Va. (Williams, Worrell, Kelly & Greer, Norfolk, Va., on brief), for appellant in No. 74--2310 and for appellee in No. 74--2311.
 William E. Rachels, Jr., Norfolk, Va. (Toy D. Savage, Jr., Willcox, Savage, Lawrence, Dickson & Spindle, Norfolk, Va., on brief), for appellee in No. 74--2310 and for appellant in No. 74--2311.
 Marshall T. Bohannon, Jr., Norfolk, Va. (Herbert & Bohannon, Norfolk, Va., on brief), for appellee, Estate of Forrest F. Cathey, in No. 74--2310 (A. J. Kalfus on brief for appellees Joel B. Cooper and Charles Cooper, Norfolk, Va., in No. 74--2310).
 Before WINTER, BUTZNER and WIDENER, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiff, Wometco Enterprises, Inc. (Wometco), a Florida corporation owning approximately 32.5 percent of all classes of stock in Norfolk Coca-Cola Bottling Works, Inc. (Norfolk Coca-Cola), brought this stockholders' derivative action, with jurisdiction based on diversity of citizenship, alleging mismanagement of Norfolk, Coca-Cola, a Virginia corporation, by its officers and directors, members of the Cathey family, and seeking the appointment of a custodian under Va.Code § 13.1--94.
 
 
 2
 The trial court ruled that abuse had occurred in the handling of a loan from the Norfolk Coca-Cola pension fund on account of the sale of Ralph A. Cathey's residence, but it denied Wometco's other claims for relief. From this decision, Wometco appeals, and Ralph A. Cathey cross-appeals. We affirm in part; remand one point for modification; and remand the matter of attorneys' fees for possible reconsideration.
 
 
 3
 Norfolk Coca-Cola was organized in 1905, as a soft-drink bottler. Its Coca-Cola franchise territory covers the Eastern Shore and southeast portion of Virginia. The majority of the stock has always been closely held by members of the Cathey family, relatives of Alonzo F. Cathey, one of the original principal owners of Norfolk Coca-Cola. During 1971, Wometco acquired 32.5 percent of the stock of Norfolk Coca-Cola.
 
 
 4
 In the trial below, Wometco sought a court determination (1) declaring void the Cathey family voting trust which controls 60 percent of the voting stock of Norfolk Coca-Cola, (2) requiring members of the Cathey family who are officers and directors of Norfolk Coca-Cola to account for certain activities, (3) declaring void a 1969 resolution regarding death benefits, (4) declaring void certain 1967 deferred compensation contracts, (5) transferring the assets of CWH Leasing Company, Inc., to Norfolk Coca-Cola, (6) appointing a custodian pursuant to Va. Code § 13.1--94, and (7) awarding costs and attorneys' fees to Wometco.
 
 
 5
 The trial judge, sitting without a jury, saw the witnesses and heard them testify. He made written findings of fact which are supported by the record and which are not clearly erroneous, and made written conclusions of law which are free from reversible error with a possible exception concerning CWH Leasing Company, Inc. We therefore affirm the lower court on Ralph A. Cathey's cross-appeal and also affirm as to all the matters raised by Wometco with the exception of the matter of CWH Leasing Company, Inc., and attorneys' fees, both of which are hereinafter mentioned.
 
 
 6
 One portion of the case presents a separate question. On August 13, 1970, CWH Leasing Company, Inc. (CWH), was formed by Ralph A. Cathey, William E. Cathey, Rogers D. Cathey, Forrest H. Cathey, Glenn A. Holloman, Mabel Cathey Walter, and George William Walter. These seven Cathey family members serve as the directors and are the sole stockholders of CWH. They are officers and directors of Norfolk Coca-Cola.
 
 
 7
 Pursuant to a decision that certain equipment was necessary for Norfolk Coca-Cola's operations, officers of Norfolk Coca-Cola inquired about the leasing rates of various commercial leasing companies, including Allstate and Hertz. It was determined that a private leasing company could charge leasing rates lower than the commercial leasing rates, thereby benefiting Norfolk Coca-Cola. The seven Cathey family members mentioned formed CWH, which purchased equipment and leased it to Norfolk Coca-Cola. The trial judge found as a matter of fact that the interest charged on the leases by CWH ranges between 9 and 10 percent, which was below the current market rate.
 
 
 8
 As the Supreme Court of Virginia has pointed out in Adelman v. Conotti Corp., 215 Va. 782, 213 S.E.2d 774 (1975), transactions between corporate officers and their corporation, while not ipso facto voidable, are prima facie presumed to be invalid, and the burden rests upon the officers to prove that the transaction was fairly conducted. See also Deford v. Ballentine Realty Corp., 164 Va. 436, 180 S.E. 164 (1935).
 
 
 9
 While organization of a wholly-owned subsidiary immediately suggests itself as the private leasing method most beneficial to Norfolk Coca-Cola, thus enabling any CWH profit to inure to the parent company, and while the record discloses no reasons, tax or otherwise, with the possible exception that CWH bore the risk of rising interest rates, why an independent corporation was formed instead of a wholly-owned subsidiary, the trial judge found as a matter of fact that the 'dealings were open, at arm's length, and fully recorded.' He further found the transactions between CWH and Norfolk Coca-Cola to be 'fair beyond doubt,' 'by even the most intense observation.' Thus, the trial court properly applied a test of sharp scrutiny to the dealings between the Catheys and Norfolk Coca-Cola.
 
 
 10
 But the district court, while it detailed its findings of fact as to this transaction, and concluded it was fair, did not state the standard used or whether it had considered the transaction prima facie presumed to be invalid. Under some circumstances, this might require remand for reconsideration of the evidence in light of the standard and the taking of additional evidence as to this point alone if appropriate. But here we need not further consider such action for the point has been mooted for practical purposes. We are advised that the owners of CWH, all of whom are parties to this case, are willing to convey CWH to Norfolk Coca-Cola. This, of course, makes unnecessary our further consideration of the matter.
 
 
 11
 The question of CWH Leasing, Inc., will be remanded to the district court for modification of its order to permit Norfolk Coca-Cola, at its option, to take conveyance of the assets of CWH now, or at any time at or before the conclusion of the lease agreements on the equipment involved; or to take a conveyance of the stock in CWH now, or at any time at or before the expiration of such lease agreements.
 
 
 12
 The matter of attorneys' fees is also remanded in the event the district court may wish to reconsider that point. We think that CWH Leasing, Inc. may have value. As a result of the litigation, Norfolk Coca-Cola may acquire something of value. To that extent, all of the stockholders of Norfolk Coca-Cola may benefit, and plaintiff should be allowed counsel fees for this recovery.
 
 
 13
 In all other respects, the judgment is affirmed for reasons sufficiently stated by the district court.
 
 
 14
 Affirmed as modified and remanded.